FILED

JUN – 6 2026

CLERK U.S. DISTRICT COURT
NEWPORT NEWS, VA

## AFFIDAVIT IN SUPPORT OF A CRIMINAL

## COMPLAINT/ARREST WARRANT

I, Daniel Woloszynowski, Special Agent, The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being first duly sworn, hereby depose and state as follows:

1.      I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and have been since May of 2022. I have completed in excess of 400 hours of instruction at the Federal Law Enforcement Training Center in Glynco, Georgia and graduated from the Criminal Investigator Training Program, the ATF National Academy, Special Agent Basic Training, and the Firearms Interstate Nexus School in Martinsburg, West Virginia.

2.      As a SA with ATF, I am a federal law enforcement officer as described in 18 U.S.C. § 2510(7). I am responsible for investigating and enforcing violations of federal law in accordance with 18 U.S.C. § 3051. As an ATF SA assigned to the Newport News Field Office, I have conducted and participated in numerous investigations concerning the illegal possession of firearms, federal controlled substance laws, and the commission of violent crimes. I received specialized training and personally participated in various types of investigative activities, including, but not limited to: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants, and other individuals who had knowledge of firearms and controlled substance laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) Title III investigations; (h) investigation of violent criminal organizations; and (i) the handling and maintenance of evidence.

3.      Your Affiant has probable cause to believe that DIEGO ALEJANDRO ADAME PEREZ (hereafter referred to as **ADAME-PEREZ**), has committed the following offenses in

violation of federal law: 18 U.S.C. §§ 922(g)(5) and 924(a)(8) (Possession of a Firearm by a Prohibited Person and 18 U.S.C. § 930(b) (Possession of a Firearm in a Federal Facility With Intent to Use in a Crime).

## STATUTORY AUTHORITY AND DEFINITIONS

4. Title 18, United States Code, Sections 922(g)(5) and 924(a)(8) makes it unlawful for illegal aliens and those in the United States under nonimmigrant visas to possess a firearm or ammunition

5. Title 18, United States Code, Section 930(b) makes in unlawful for any person to knowingly possess or cause to be present a firearm in a federal facility with intent that the firearm be used in the commission of a crime.

## PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

6. **DIEGO ALEJANDRO ADAME PEREZ** ("ADAME PEREZ") is a citizen of Mexico who was born in Estacion San Jose, Mexico.

7. ADAME PEREZ is not a lawful permanent resident of the United States and does not have status to legally possess a firearm in the United States. He currently has an expired Deferred Action for Childhood Arrivals (DACA) application and is the subject of a pending DACA renewal.

8. In the early morning hours of June 6, 2026, ADAME PEREZ drove to the Lasalle Entry Control Point (ECP), 11 Nealy Boulevard, Hampton VA 23665, at Langley Air Force Base (AFB) operating a black Chevrolet pickup truck, VA tag JEFE2, which returns to ADAME PEREZ, with a dwelling address of **** Wallington Way, Virginia Beach, VA 23456.

9.      There are three ECPs at Langley AFB that all have signs approximately 100ft prior to the ECP that conspicuously warn that possession of firearms and dangerous weapons are prohibited in the federal facility.

10.     The Lasalle ECP is a federal facility because it is a building and part of a building that is owned and controlled by the United States Air Force where Airmen and federal employees are regularly present for the purpose of performing their official duties.

11.     When ADAME PEREZ approached the gate, he appeared to be intoxicated. The Air Force Defenders manning the ECP noted that his speech was slurred.

12.     Among other things, ADAME PEREZ told the Air Force Defenders that he was entering the base for weapons training and was associated (or formerly associated) with the United States Navy and Navy Special Forces.

13.     ADAME PEREZ boasted to Defenders at the ECP that he had two firearms in the vehicle. The Air Force Defenders detained ADAME PEREZ. When he exited the vehicle, the Defenders observed a handgun in his left pocket. Upon seeing the firearm, a Defender asked for the handgun, which ADAME PEREZ provided.

14.     The handgun from his pocket was a Sarsilmaz, Model: SAR 9, Caliber: 9mm, SN: T1102-21BV55301, Semi-Automatic handgun, which was firearm loaded with one round in the chamber. Based on my training and experience, this is a firearm that was manufactured outside the Commonwealth of Virginia and traveled and in and affected interstate and foreign commerce.

15.     Two additional unloaded firearms were recovered from the vehicle: a Smith & Wesson, Model: 1854, Caliber: .44, SN: LLD8187, lever-action rifle, and a Smith & Wesson, Model M&P 15, Caliber: 5.56, SN: TM27803, semi-Automatic rifle. Ammunition for both

rifles were located in ADAME PEREZ's vehicle. Based on my training and experience, these firearms were manufactured outside of Virginia and traveled in and affected interstate and foreign commerce.

16.    While detained, ADAME PEREZ made remarks regarding committing a kidnapping and murder on behalf of the Central Intelligence Agency (CIA) in Texas. ADAME PEREZ also asked about the type of weapons and uniforms used by the Defenders and whether the base was manned 24 hours a day by Security Forces.

17.    ADAME PEREZ asked the Air Force personnel not to tell anyone that Mexico "was here" and that he is on CIA orders.

18.    Based on the foregoing facts, ADAME PEREZ illegally possessed three firearms because of his immigration status. He also possessed the firearms in a federal facility – namely the Lasalle ECP at Langley Air Force Base – with intent to commit crimes, including but not limited to his unlawful possession of the firearms as a prohibited person and his intent to use the firearms to impede federal officials in the performance of their official duties at Langley Air Force Base.

This affidavit contains only enough information to establish probable cause and does not contain all the facts or information known to members of the investigative team.

WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge **DIEGO ALEJANDRO ADAME PEREZ**, who has committed the following offenses in violation of federal law: 18 U.S.C. §§ 922(g)(5) and 924(a)(8) (Possession of a Firearm by a Prohibited Person), and 18 U.S.C. § 930(b) (Possession of Firearms in a Federal Facility With Intent to Use in a Crime).

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Daniel Woloszynowski, Special Agent
Bureau of Alcohol, Tobacco, Firearms and

This affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Mack Coleman.

Reviewed:  _____
Mack Coleman
Assistant United States Attorney

Subscribed and sworn to before me on this 6th day of June 2026 in the City of Newport News, Virginia.

_____
Douglas E. Miller
United States Magistrate Judge